**FILED**

**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RECEIVED** AE

NOV 2 6 2007 MB

NOV 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Clifford A. Gooden, III, )

　　　　Petitioner, )

Vs. )

Sharon K. Hall, Assistant )
Attorney General, )

　　　　Respondent. )

Independent Action in equity
pursuant to Fed. R. Civ. Proc.
60(b), and the "saving clause",
to set aside final order dis-
missing Federal Habeas Corpus
on grounds of fraud committed
upon the court by the Respondent.

COMES NOW Petitioner, pro se, to move this court in the above entitled
action, pursuant to its inherent power, to vacate or set aside the Iowa
Southern District Court's final ORDER dismissing habeas case No. 4:02-cv-
40128, on the ground that it was entered as a result of fraud committed
upon that court by the Respondent, Sharon K. Hall. In support thereof,
petitioner further states:

A.) Statement to the Court.

07CV6642
JUDGE BUCKLO
MAGISTRATE JUDGE DENLOW

　　An Independent Action alleging "fraud upon the court" brought under
the rule's saving clause deals primarily with some irregularity or
procedural defect in the procurement of the judgment denying habeas
relief. see Buell v. Anderson, 48 Fed.Appx. 491, 498 (6th Cir. 2002);
and Hess v. Cockrell, 281 F.3d 212, 217 (5th Cir. 2002). Therefore,
a fraud upon the court action which attacks a procedurally defective
ground upon which the court dismisses a Federal Habeas Corpus cannot
qualify as being a second or successive writ. see on-point Gonzalez v.
Secretary for the Dept. of Corrections, 366 F.3d at FN.11 and 1277-79
(5th Cir. 2004); Gonzalez v. Crosby, 125 S.Ct. at 2648 FN.5 (2005).
Petitioner Gooden brings this action in this court because Judge Gritzner
of the Southern Federal District Court is disregarding the Federal Rules
by treating Mr. Gooden's Independent Action alleging fraud upon the court
filed with that court under docket No. 4:07-cv-00257-JEG, as a second or
successive writ when the law clearly provides that it is not. In addition,
Judge Gritzner is the same judge who presided over Petitioner's habeas
action in case No. 4:02-cv-40128, which the judge dismissed on procedural-
ly defective grounds resulting from "fraud" perpetrated upon that court

1.

by the Respondent, Sharon K. Hall. Proof of that fraud is demonstrated
in this action. Therefore, Judge Gritzner is resorting to illegally deny-
ing Mr. Gooden the protection of the Great Writ entirely by refusing to
set aside his final ORDER dismissing the writ which was influenced by
fraud perpetrated upon that court by the Respondent which led to the
dismissal of habeas petition. Also, the district judge did not properly
adjudicate any of Gooden's exhausted habeas issues on their merits.
As a result, Judge Gritzner is severely compromising that court's integrity
by allowing his fraudulent decision made in the ORDER dismissing Mr.
Gooden's habeas petition, to stand in the record uncorrected. However,
existing Federal Practice allows that "A party may initiate new action
to seek relief from a judgment. It may bring the action in any district
court, not just the one that rendered the judgment from which relief is
sought." see id. 366 F.3d at 1291 (Edmondson C.J., specially concurring
in part and dissenting in part); citing 11 Charles Alan Wright, Arthur
R. Miller & Mary Kay Kane, Federal Practice and Procedure §2851, 229
(Civil 2d ed.1995). Therefore, for all reasons stated above, Mr. Gooden
brings this independent action in this district court to request that it
compel the Iowa Southern Federal District Court to set aside its final
ORDER dismissing his habeas petition which ought not, in equity and good
conscience, to be enforced.


    B.) Jurisdiction.

    This court has "inherent constitutional power" granted to it to pro-
tect federally created or federally guaranteed rights belonging to the
people. see 112 U.S. 76.Antieau, Modern Constitutional Law §§11:5 to
11:12 (1969); and 12 Wall. 457, 556. This court should exercise its
inherent power to set aside a final federal habeas ORDER that was entered
as a result of fraud on the court, calling into question the very legit-
imacy of the judgment. Caldron v. Thompson, 118 S.Ct. at 1501-02 (1998);
see e.g. Simon v. Navon, 116 F.3d at 6 (1st Cir. 1997). In Addition, fraud
perpetrated upon the court by "officers of the court" [brought in an in-
dependent action] is not subject to the one year limitation under Fed.
R. Civ. Proc. 60(b)(3). Geo. P. Reintjes Co. v. Riley Storker Corp.,
71
F.3d at 47-48 (1st Cir. 1995). Finally, under the Rule of Equity, a feder-
al court has inherent power to set aside a fraudulent judgment "even
though the term at which it was entered has long since passed away." see

2.

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 64 S.Ct. at 1001 (1944).

    C.) Evidence.

    Petitioner Gooden submits with this independent action, an affidavit from inmate Jerry D. Ashburn, which shows when and how Mr. Gooden was able to learn of the facts constituting his current claim of fraud upon the court. see affidavit enclosed herein.

    D. Background.

    In the month of June of 2001, during direct appeal, Mr. Gooden filed a motion to the Iowa Court of Appeals requesting the appointment of new appellate counsel. In that motion Gooden alleged that counsel was representing him incompetently on his appeal issues. see Iowa Court of Appeals case No. 00-1175, motion. That motion was denied on June 20, 2001. see Attached Exhibit (A). Mr. Gooden then filed a second motion requesting appointment of new appellate counsel on August 17, 2001. In that motion, Gooden specifically objected to all three issues counsel raised in her appeal brief, on his behalf, on grounds that two of the issues raised therein were frivolous and that the sufficiency of evidence issue was argued incompetently because it misrepresented the material facts of his involvement into the incident. see Iowa Ct. of Appeals case No. 00-1175, motion. However, that motion was denied on September 6, 2001. see Attached Exhibit (B). Mr. Gooden's appeal was then affirmed by the Iowa Court of Appeals on October 24, 2001. see Iowa Ct. of Appeals No. 00-1175, Judgment. Mr. Gooden then filed a pro se Further Review Application to the Iowa Supreme Court complaining about his direct appeal counsel's ineffectiveness for failing to raise all of his requested and unrequested "meritorious issues" on direct appeal and counsel's incompetency for misrepresenting the material facts of his involvement into the incident in her appeal brief. That application was, however, denied on January 4, 2002. see Attached Exhibit (C). Next, Mr. Gooden filed his first Federal Habeas Corpus in the Southern Federal District Court on March 11, 2002, which he only raised in that habeas petition and its supporting brief, his several ineffective assistance of appellate counsel claims that he previously "exhausted" in the Iowa Supreme Court on Further Review. see Gooden v. Mathes, 4:02-cv-40128, filing No.'s 1 and 2.

1.) The Respondent, Sharon K. Hall, Perpetrated fraud upon the Iowa Southern Federal District Court during Mr. Gooden's first federal habeas proceeding which "improperly influenced" that court's decision to dismiss the habeas petition.

The Assistant Attorney General, Sharon K. Hall, perpetrated fraud upon the federal habeas court when she argued, in her memorandum, a "reformulated" version of Mr. Gooden's habeas issues, which was used to support a bogus "mixed petition" argument. It was that particular fraudulent argument made by the Respondent in her memorandum to that court, which "improperly influenced" the court's decision to dismiss the Habeas Corpus as a "mixed petition". Specifically, the Respondent, Sharon K. Hall, fraudulently argued in her memorandum to the court, the following:

> "under issue 'one' of his brief Gooden sets forth three claims (subparagraphs 1,3 and 5) which may be viewed as reformulated challenges to the sufficiency of evidence against him and involving the same legal analysis. If viewed in that manner they may arguably be found properly exhausted."

see Gooden v. Mathes, 4:02-cv-40128 (filing No.9) memorandum in support of motion to dismiss "mixed petition", p.8. That particular argument made by the Respondent in her memorandum is a misrepresentation of Mr. Gooden's habeas issues. This is because under issue "one" of his brief, Gooden raises an ineffective assistance of direct appeal counsel claim for failing to raise all his meritorious issues on direct appeal. he then lists under issue "one", six (6) potential meritorious issues that counsel failed to raise in her appeal brief for review on direct appeal. Therefore, the "reformulated" version of Mr. Gooden's habeas issues, argued by the Respondent in her memorandum, was a "calculated scheme" designed to illegally concede jurisdiction to that court over an issue not "exhausted" in the state court on Further Review, nor raised as an issue in Gooden's Federal Habeas Corpus and supporting brief. see Gooden v. Mathes, 4:02-cv-40128 (filing No.'s 1 and 2) Habeas Corpus and Supporting Brief.

4.

In fact, the "sufficiency of evidence" issue which the Respondent was referring to in her memorandum as being "properly exhausted", was an issue only raised by Gooden's Appellate Counsel, Penelope Souhrada, in her appeal brief for review on direct appeal to the Iowa Court of Appeals. This much is clear in the Respondent's memorandum which she states:

> "The only issue [Gooden] properly exhausted is the
> due process sufficiency of the evidence claim briefed
> by appellate counsel and fully considered by the
> appellate court."

See Gooden v. Mathes, 4:02-cv-40128 (filing No.9) memorandum in support of motion to dismiss "mixed petition", pp.7-8. But Mr. Gooden objected to the "sufficiency of evidence" issue raised by appellate counsel as being incompetently raised in his motion for appointment of new appellate counsel and his pro se Further Review Application. Furthermore, an issue presented to and considered by the Iowa Court of Appeals is in no way deemed "exhausted". Unfortunately, the District Court did become "improperly influenced" by the Respondent's bogus "mixed petition" argument. As a result, District Judge, in an ORDER dated October 29, 2002, stated, in part, the following:

> "Gooden's habeas petition includes both exhausted and
> unexhausted claims. Within ten days of the date of this
> order, Gooden must dismiss all claims except those
> specifically raised on direct appeal and addressed on
> the merits. That is, he must dismiss all claims except
> those regarding sufficiency of the evidence to convict
> him.... Failure to respond as directed will result in
> dismissal of the petition without prejudice."

See Gooden v. Mathes, 4:02-cv-40128, October 29, 2002 ORDER p.5 (summary). However, Mr. Gooden did not comply with Judge Gritzner's ORDER as provided in the above, because clearly there is no "sufficiency of the evidence" issue that exists anywhere in Mr. Gooden's Federal Habeas Corpus or its supporting brief. See Gooden v, Mathes, supra, (filing No.'s 1 & 2), Habeas Corpus (¶12(A),(B) and (C)); supporting brief (Issues 1,2 and 3).

Furthermore, as previously stated, the "sufficiency of evidence" issue
is "unexhausted" anyway, because it was only raised before the Iowa Court
of Appeals in direct appeal  counsel's appeal brief. Therefore, when
Mr. Gooden did not comply with the judge's confusing October 29, 2002,
ORDER, the judge then entered another ORDER on November 19, 2002, dismiss-
ing Gooden's habeas petition. In that ORDER, Judge Gritzner stated the
following:

> "Because he failed to dismiss his habeas claims not
> specifically raised on direct appeal and addressed
> on the merits, the court dismisses without prejudice
> Clifford A. Gooden's petition for a writ of Habeas
> Corpus."

See Gooden v. Mathes, 4:02-cv-40128, November 19, 2002, ORDER p.1.
This clearly proves how the Respondent, Sharon K. Hall, improperly influ-
enced the District Judge's decision to dismiss the habeas petition where
the Respondent argued in her memorandum to that court, a "reformulated"
version of Mr. Gooden's habeas issues in support of a bogus "mixed peti-
tion" argument. See Gooden v. Mathes, 4:02-cv-40128 (filing No.9) memoran-
dum in support of motion to dismiss "mixed petition", p.8. Therefore,
this further demonstrates how the Respondent's bogus "mixed petition"
argument in her memorandum had fraudulently created jurisdiction in that
District Court over an unexhausted "sufficiency of evidence" issue which
was not even presented in Gooden's federal habeas petition or supporting
brief. And since Respondent is an officer of the court, her dishonest
conduct, demonstrated in this action, constitutes fraud upon the court.
see Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1986)("since-
attorney's are officers of the court, their conduct, if dishonest, would
constitute fraud on the court").
The only issues Mr. Gooden exhausted in his Further Review Application,
to the Iowa Supreme Court, was several claims surrounding ineffective

6.

assistance of his direct appeal counsel. see State of Iowa v. Gooden,

S.Ct. No. 00-1175, pro se Further Review Application(s). That application

was denied without an opinion on January 4, 2002. see Attached Exhibit-

(C). Mr. Gooden then raised those "exhausted" claims against direct appeal

counsel in his habeas petition and supporting brief. see Gooden v. Mathes

4:02-cv-40128 (filing No.'s 1 and 2) Habeas Corpus and supporting brief.

Consequently, the federal habeas court do retain jurisdiction, under the

pre-AEDPA standard of review, to adjudicate the merits of "exhausted"

constitutional claims not adjudicated in state courts. See on-point Appel

v. Horn, 250 F.3d 203, at 210 (3rd Cir. 2001)("By its own terms §2254(d)

applies only to claims already adjudicated on the merits in state court

proceedings. It follows that when, although properly preserved by the

defendant, the state court has not reached the merits of a claim there-

after presented in a federal habeas court, the deferential standard

provided by AEDPA and explained in Williams do not apply. In such an

instance, the federal habeas court must conduct a de novo review over

pure legal questions and mixed questions of law and facts, as a court

would have done prior to the enactment of AEDPA"); see also Miller v.-

Champion, 262 F.3d 1066, 1071 (10th Cir. 2001)(citing Battenfield v.-

Gibson, 236 F.3d 1215, 1220 (10th Cir. 2001)). Therefore, Mr. Gooden was

"entitled to an adjudication of all of the claims presented in his

earlier, undoubtedly reviewable, application for federal habeas relief."

see Steward v. Mertinez-Villareal, 118 S.Ct. 1618, 1621 (1998).

However, the pre-AEDPA standard of review argument, held in Appel v. Horn,

supra, was advanced to the District Court in Mr. Gooden's brief in support

of his motion "resisting" the state's motion to dismiss. see Gooden v.

Mathes, 4:02-cv-40128 (filing No.22) Brief. But the District Court,

however, chose to ignore that argument. The court was obviously more

7.

persuaded by the "reformulated" version of Mr. Gooden's habeas issues, which was in support of a bogus "mixed petition" argument presented in the Respondent's memorandum to that court, because it dismissed the habeas petition for those very "fraudulent" reasons. see Gooden v. Mathes, 4:02-cv-40128 (filing No. 9) memorandum in support of motion to dismiss "mixed-petition" pp.7-8; compare with (filing No.24) ORDER, and (filing No.26) ORDER. Therefore, since "fraud" was perpetrated upon that habeas court, by the Respondent, which influenced that court's decision to dismiss the habeas petition on "procedurally defective grounds"; without an adjudication on the merits of Mr. Gooden's exhausted constitutional claims, has effectively denied him the protection of the "Great Writ" entirely. see Gonzalez v. Crosby, 125 S.Ct. at 2652-53 (2005)(Steven J. with whom Souter J. joins, dissenting)("Unfortunately, the Court underestimates the significance of the fact that petitioner was effectively shut out of federal court-without any adjudication of the merits of his claims-because of a procedural ruling that was later shown to be flatly mistaken. As we have stressed, '[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protection of the Great Writ entirely, risking injury to an important interest in human liberty.")(citing Lonchar v. Thomas, 116 S.Ct. 1293 (1996)); see also Harris v. Nelson, 89 S.Ct. 1082, 1086 (1969)("The Writ of Habeas Corpus is the fundamental instrument for safegarding individual freedom against arbitrary and lawless state action"). And "the state and its officer's may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus". see Johnson v. Avery, 89 S.Ct. 747, 749 (1969). In Mr. Gooden's case, this interference of his "right to apply to [the] federal court for a writ of habeas corpus" was created by fraud which was perpetrated upon the District Court by the

8.

Respondent which ultimately influenced the court's decision to dismiss the writ on procedurally defective grounds. However, "a decision produced by fraud on the court is not, in essence, a decision at all and never becomes final". see on-point Kenner v. Comm. of Internal Revenues, 387 F.2d 689, at 691 (7th Cir. 1968). And where a federal court's judgment lacks integrity due to fraud, then it becomes "inherent" upon [any] federal court's power to set aside a fraudulent judgment even though the term at which it was entered has long since passed away. see Hazel-Atlas Glass Co. v. Hartford-Empire Co., 64 S.Ct. at 1000 (1944)("From the beginning there has existed along side the term rule a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry"); see also 11 Wright, Miller and Kane, supra, §2851 at 229 (Civil 2d ed.1995)("A party may initiate a new [independent] action to seek relief from a judgment. It may bring this action in any district court, not just the one that rendered the judgment from which relief is sought"). In addition, where Mr. Gooden's "first" habeas petition was dismissed by the federal court on procedurally defective grounds, without reaching the merits of his exhausted constitutional claims, then obviously there can be no finality. see Caldron v. Thompson, 118 S.Ct. 1489, 1501 (1998)("Without finality, the criminal law is deprived of much of its deterrent effect"); see also Gonzalez v. Crosby, 125 S.Ct. at 2653 (2005)(Steven J. with whom Souter J. joins, dissenting)("When a habeas petition has been dismissed on a clearly defective procedural ground, the state can hardly claim a legitimate interest in the finality of that judgment"). Therefore, since fraud was the underlying factor in the Iowa Southern District Court's decision to dismiss Mr. Gooden's first habeas petition, then it is an obligation of this Court to set aside the Court's

9.

final ORDER dismissing the Writ to protect the integrity of the federal
habeas function. This court should also be informed that Mr. Gooden was
appointed counsel by the court to represent him on his habeas action.
However, Mr. Gooden later had to file a response to appointed counsel's
"Motion to Withdraw and for Additional Time for Petitioner to Respond to
Motion to Dismiss, or ask for New Counsel" filed with the court on June
27, 2002, because counsel's motion sought to have Mr. Gooden's habeas
petition dismissed for failure to exhaust, thus, "joining forces" with
the Respondent, Sharon K. Hall. Therefore, Mr. Gooden's motion in response
to his counsel's motion requested the appointment of new habeas counsel.
see Gooden v. Mathes, 4:02-cv-40128 (filing No.19). The District Judge
granted both counsel's and Mr. Gooden's motions to withdraw representation
of Gooden's habeas action, but the court, without explanation, denied
Gooden's request for appointment of new counsel and ORDERED that he pro-
ceed pro se. See Gooden v. Mathes, supra, (filing No.20). Therefore, with-
out any appointed counsel to represent Mr. Gooden, the District Judge
took advantage of Gooden's "vulnerable" situation by dismissing the prop-
erly filed habeas petition on a procedurally defective ground, thus,
siding with the Respondent's bogus "mixed petition" argument proposed in
her memorandum. The truth is, without the assistance of counsel, Mr.
Gooden did not know how to proceed all by himself with the complicated
habeas appeal process. This is shown by the record where Mr. Gooden merely
filed a Notice of Appeal in the District Court along with a letter. see
Gooden v. Mathes, supra, (filing NO.25). The Court then treated the NOA
as a certificate of appealability and denied the appeal. see id. (filing-
No.26). Gooden then filed his COA to the Eighth Circuit Court which was
denied by that court on March 14, 2003, which it then dismissed the
appeal. See Gooden v. Mathes, Eighth Cir. case No. 02-3920 (Judgment).

The Eighth Circuit also denied Mr. Gooden's pro se petition for rehearing
on April 10, 2003. see Gooden v. Mathes, Eighth Cir. No. 02-3920, ORDER
denying Rehearing. However, at no time was Mr. Gooden aware of the fraud
that was perpetrated upon the court during his habeas proceeding nor any
procedural federal avenue to seek relief from that "fraudulent" habeas
judgment of dismissal until it was shown to him by Jailhouse Lawyer,
Jerry Ashburn, several years later. See enclosed Affidavit from Jerry
Ashburn. But if new counsel would have been properly appointed to repre-
sent Mr. Gooden's habeas action (which he did motion the court for new
counsel), then none of this fraud upon the [habeas] court would have went
unnoticed because any experienced and competent lawyer would have
instantly recognized the fraud and argued it on the habeas appeal.
Therefore, the District Judge abused his discretion by denying Gooden's
pro se motion for new habeas counsel, where the first appointed counsel
motioned the court to "withdraw" representation and had illegally joined
forces with the Respondent to have Gooden's habeas petition dismissed.
(Note: the court dismissed Gooden's habeas petition five months later
after denying his motion for new counsel). The reason why Mr. Gooden
motioned the District Court for appointment of counsel to represent his
habeas petition to begin with, was because he do not have the skill and
competency required to represent himself because of his lack of knowledge
of the law. see Johnson v. Avery, 89 S.Ct. at 750 (1969)("Jails and
penitentiaries include among their inmates a high percentage of persons
who are totally or functionally illiterate, whose educational attainments
are slight, and whose intelligence is limited"); citing Constitutional
Law: Prison "No-Assistance" Regulations and the Jailhouse Lawyer, 1968
Duke L.J. 343, 347-348, 360-361. However, since the dismissal of his
habeas petition on November 19, 2002, Mr. Gooden has remained diligent

in trying to learn the law on his own, since he was not appointed new
habeas counsel, to seek whatever federal habeas remedy that would compel
the District Court to reopen his habeas case which it erroneously dismiss-
ed. But even if Mr. Gooden did not retain the highest degree of diligence,
the Respondent's fraud cannot be condoned for that reason alone. This is
because the denial of the protection of the "Great Writ" in this matter
does not concern only private parties; it has a public concern as well.
While the Federal Habeas Corpus is used in criminal proceedings to inquire
into the legality of a defendant's confinement, 488 F.2d 218, 221, the
Federal Habeas Corpus is civil in nature, and "is used in the civil
context to challenge the validity of child custody, deportations, and
civil commitment to mental institutions". see Barron's Law Dictionary,
(pocket edition), pp. 225-26 "HABEAS CORPUS" 4th ed. (Copyright 1996).
Certainly, the fraud perpetrated upon the court in this matter, presents
an issue of importance beyond the particular facts and parties involved.
See on-point Hazel-Atlas Glass Co. v. Hartford-Empire Co., 64 S.Ct. at
1001 (1944)("Surely it cannot be that preservation of the integrity of
the judicial process must always wait upon the diligence of litigants.
The public welfare demands that the agencies of public justice be not so
impotent that they must always be mute and helpless victims of deception
and fraud").

   2.) The Respondent's "reformulated" version of Mr. Gooden's habeas
issues argued in her memorandum, which was used to support a bogus
"mixed petition" argument, was designed to fraudulently deprive the
Federal Habeas Court of its lawful Jurisdiction to act.

   Mr. Gooden "exhausted" in his Further Review Application to the Iowa
Supreme Court, an unresolved federal case-or-controversy surrounding his
issue of ineffective assistance of direct appeal counsel. see Iowa Supre-
me Court case No. 00-1175, pro se Further Review Application(s). Once
Further Review was denied, see Attached Exhibit (C), Mr. Gooden then

                                  12.

raised said federal case-or-controversy surrounding his ineffective
assistance of "direct appeal" counsel claim in his "first" federal habeas
petition and supporting brief. However, the federal case-or-controversy
in question is fully briefed in Mr. Gooden's brief in support of Habeas
Corpus under the following title heading:

> "Petitioner has a 6th and 14th Amendment Right to
> have all of his non-frivolous, meritorious issues
> fairly presented and preserved on direct appeal,
> by competent appellate counsel, for the purpose of
> satisfying procedural exhaustion requirements."

See Gooden v. Mathes, 4:02-cv-40128 (filing No.'s 1 and 2) Habeas Corpus,
¶12(C); and supporting brief, Issue "two". However, Mr. Gooden raises
that particular "controversy" because his own Direct Appeal Counsel,
Penelope Souhrada, failed to raise all of his "potentially" meritorious
issues listed under brief issue "one", subparagraphs 1-6, for review on
direct appeal. see Evitts v. Lucey, 105 S.Ct. 830, 836 (1985)("A first
appeal as of right is not adjudicated in accord with due process of law
if the appellant does not have the effective assistance of an attorney").
(Note: brief in support of Habeas Corpus, Issue "one", necessarily merge
into Issue "two" of said supporting brief). Gooden's direct Appeal Coun-
sel, Penelope Souhrada, merely raised only frivolous issues in her appeal
brief for review which were designed to fail. Therefore, Mr. Gooden was
seeking to help change the     law for the better, thus, benefiting from
new change in the law on direct appeal; by proposing a solution that
would compel a direct appeal lawyer to effectively raise all meritorious
issues on direct appeal for the purpose of establishing the foundation
for satisfying the procedural exhaustion requirements. see on-point
Gooden v. Mathes, 4:02-cv-40128 (filing No.2) brief in support of Habeas
Corpus, Issue "two" pp.8-12. However, Mr. Gooden's stated case-or-contro-
versy in the above, is apparently in conflict with Jones v. Barnes, 103-

13.

S.Ct. 3308 (1983), where the United State Supreme Court held that
appellate counsel on direct appeal has no Constitutional duty to raise
every "colorable" claim suggested by his or her client. See also Heath
v. Jones, 941 F.2d 1126, 1131 (11th Cir. 1991). But the Jones v. Barnes,
supra, decision is a "badly reasoned" precedent. This is because the U.S.
Supreme Court in the Jones v. Barnes case, failed to consider whether,
under the "exhaustion doctrine", the constitution requires an appellate
attorney to raise every meritorious claim for his or her client, whether
requested or not, on direct appeal for the purpose of satisfying proced-
ural exhaustion requirements, See on-point O'Sullivan v. Boerckel, 119
S.Ct. 1728, at 1732 (1999)("Because the exhaustion doctrine is designed
to give the state courts a full and fair opportunity to resolve federal
constitutional claims before those claims are presented to the federal
courts, we conclude that state prisoners must give the state courts one
full opportunity to resolve any constitutional issues by invoking one
complete round of the state's established appellate review process");
see also Luke v. State, 465 N.W.2d at 906 (Iowa 1990)(Schlegel J. con-
curring)("Appellate Court's, so far as I'm aware, are not courts of
limited issue access"), or whether the constitution requires an appellate
attorney to raise every meritorious claim for his or her client on direct
appeal, to give the state appellate court the first opportunity to
address and correct alleged violations of a state prisoner's federal
rights so that the constitutional claims do not become "procedurally de-
faulted" in state courts, since, "In the context of direct review of a
state court judgment, the independent and adequate state ground doctrine
is jurisdictional". See on-point Coleman v. Thompson, 111 S.Ct. 2546, at
2554 (1991). Therefore, the Supreme Court's holding in Jones v. Barnes,
supra, which holds that an appellate counsel on direct appeal has no

14.

constitutional duty to raise every "colorable" claim suggested by his or her client, is not supported under the federal constitution as providing "effective assistance" on a defendant's "first appeal as of right", see Evitts v. Lucey, 105 S.Ct. 830 (1985), since, counsel's failure to raise all meritorious issues on direct appeal will deprive the appellate court of an opportunity to review every constitutional trial error, and will cause the client's omitted claims to be considered procedurally defaulted in state courts. Clearly, the Supreme Court's holding in Jones v. Barnes, supra, offers no solution to those potential procedural "road-blocks". However, since the case-or-controversy argued in Mr. Gooden's brief in support of his Habeas Corpus was created in federal court, then it is clear that his right to relief necessarily depend on substantial resolution of federal law. see e.g. Round Valley Indian Housing Authority v. Hunter, 907 F.Supp. 1343, 1347 (N.D.Cal. 1995)("Federal Common Law arises when there are issues in which the federal interest is so strong that they should be resolved on the basis of a uniformed judge-made federal law, rather than on the basis of varying state laws"). Therefore, Mr. Gooden's proposed case-or-controversy cannot be resolved in any state courts, much less state post-conviction, because such inferior court's lack subject-matter-jurisdiction to address the merits of that particular "controversy". see Gooden v. Mathes, 4:02-cv-40128 (filing No.2) Brief, Issue "two". As a result, Gooden's proposed case-or-controversy is properly "exhausted" pursuant to 28 U.S.C. §2254(b)(1)(B)(ii), because [extraordinary] circumstances clearly demonstrate that no state court can "protect" Gooden's Constitutional Rights until said Controversy is finally resolved in federal court. In fact, that particular argument, surrounding the exhaustion of Mr. Gooden's [land-mark] case-or-controversy issue in state court, was already presented to the Southern Federal

District Court in his brief in support of his motion "resisting" the
state's motion to dismiss. see Gooden v. Mathes, supra, (filing No.22)
Brief. Again, the District Judge chose to ignore that procedural argument
made by Mr. Gooden during the course of his "first" federal habeas pro-
ceeding. This is because the District Judge was "distracted" by the
"reformulated" version of Mr. Gooden's habeas issues created by the
Respondent in her memorandum to the court, which was used to support a
bogus "mixed petition" argument. That "distraction" was designed by the
Respondent, Sharon K. Hall, to fraudulently deprive the District Court
of its lawful jurisdiction to properly adjudicate the merits of Gooden's
"exhausted" case-or-controversy. Specifically, the United State Supreme
Court in Teague v. Lane, 109 S.Ct. 1060 (1989), did, in fact, grant
federal habeas courts jurisdiction to "announce" and "retroactively apply"
new rules of criminal law in a section 2254 habeas proceeding. This, of
course, is provided that the new rule falls within one of two narrow
exceptions. The two narrow exceptions are: (1) new rules "that place
certain kinds of primary, private individual conducts beyond the power
of the criminal law-making authority to proscribe, or (2) a "watershed
rule which will significantly improve the accuracy of the fact finding
procedure and implicate the fundamental fairness of the [criminal] trial.
See Gilmore v. Taylor, 113 S.Ct. 2112, 2119 (1993). However, Mr. Gooden's
exhausted case-or-controversy raised in his brief in support of his Habeas
Corpus (Issue "two"), falls within the second exception of the Teague
rule. This is because a defendant's right to have direct appeal counsel
raise all of his meritorious claims on direct appeal would significantly
improve the accuracy of the fact-finding procedure at trial. How so?
Because by counsel being compelled by the federal constitution to raise
all of a defendant's meritorious issues on direct appeal, would

16.

ultimately provide the appellate court with an opportunity to completely review every constitutional trial error which could have potentially interfered with the accuracy of the fact-finding procedure at trial, thus, resulting in an unreliable criminal conviction. Therefore, under the new rule, counsel would be compelled by the federal constitution to "effectively" raise every meritorious disputed factual contentions on direct appeal in their legal significance under questions of law. Should the appellate court reverse a defendant's case for a new trial upon any findings of constitutional violations which rendered the first trial "fundamentally unfair", see e.g. Donnelly v. DeChristoforo, 94 S.Ct 1868 (1974), then, consequently, the trial court would be expected to produce a constitutionally more accurate and reliable fact-finding result upon retrial. Overall, the new appellate rule would be installed as a procedural safegard against prejudicial fact-finding methods practiced in many criminal trials which are designed to secure a faulty conviction. However, the six potentially meritorious claims omitted by counsel on direct appeal presented in Mr. Gooden's brief in support of Habeas Corpus under Issue-"one", subparagraphs 1-6, shows that, when taken together, but for those constitutional violations, no reasonable fact-finder would have found Gooden guilty of second degree robbery. Therefore, under the new rule, an appellate attorney would be compelled to raise all of Mr. Gooden's meritorious issues on direct appeal. This further provides that the new rule on direct appeal would serve as the purpose of satisfying the procedural exhaustion requirements, and act as effective check-and-balance over criminal trial courts. The end result, however, would be that the new rule on direct appeal will, without a doubt, "Significantly improve the accuracy of the fact finding procedure and implicate the fundamental fairness of the criminal trial". Plus the new rule would

17.

strengthen the Constitutional "effectiveness" of appellate counsel on direct appeal, see Evitts v. Lucey, 105 S.Ct. 830 (1985), by no longer permitting counsel the discretion to raise only the most promising issues, see Jones v. Barnes, 103 S.Ct. 3308 (1983), therefore, eliminating any possibility that counsel may "strategically" resort to "sandbagging" meritorious appeal issues which could have been raised, but were not. see on-point Murray v. Carrier, 106 S.Ct. 2639, 2647 (1986)("Nor do we agree that the possibility of 'sandbagging' vanishes once a trial has ended in conviction, since appellate counsel might well conclude that the best strategy is to select a few promising claims for airing on appeal, while reserving others for federal habeas review should the appeal be unsuccessful"). However, without the new rule, an appellate court would be deprived of an opportunity to review every constitutional trial error, which would reduce the finality of the appellate proceeding on direct appeal and significantly impair the truth-finding function at the criminal trial by the appellate counsel concealing it from being reviewed. In addition to the Teague rule, a federal district court is granted Federal Question Jurisdiction pursuant to Article III of the United States Constitution to resolve Mr. Gooden's case-or-controversy presented in his federal habeas petition and supporting brief. see Withmore v. Arkansas, 110 S.Ct. 1717 (1990).

It should be noted that Mr. Gooden is not bringing any claim in this independent action that would result in overturning his state court conviction. Instead, Mr. Gooden has just demonstrated how the fraud which was perpetrated upon the Iowa Federal District Court by the Respondent was designed to fraudulently deprive that federal habeas court of its lawful jurisdiction to act on Gooden's proposed case-or-controversy. Therefore, Mr. Gooden's current independent action is aimed at attacking

18.

The Iowa Federal District Court's final ORDER dismissing his Habeas Corpus as lacking integrity; where there was "a deliberately planned and carefully executed scheme" participated in by the Respondent in a federal [habeas] proceeding to defraud a federal court, with carefully constructed bogus evidence argued in her memorandum which not only was presented to that federal court, but which also affected the federal court's decision. As a result, Mr. Gooden has been deprived-contrary to congressional intent-of his valuable right to one full round of federal habeas review. Therefore, the final ORDER or JUDGMENT dismissing the writ ought not, in equity and in good conscience, to be enforced since fraud prevented the defendant in the judgment (Clifford Gooden) from obtaining the benefit of his defense. Also, there is an absence of fault or negligence on the part of Mr. Gooden during the habeas proceeding in question, and an absence of any other adequate remedy at law that would compel the Iowa Federal District Court to set aside its fraudulently decided final ORDER dismissing the habeas petition.

Equity Relief Requested: Mr. Gooden has proven how fraud was perpetrated upon the Iowa Southern Federal District Court by the Respondent, Sharon K. Hall, during the course of his "first" federal habeas proceeding under docket No. 4:02-cv-40128. Wherefore, Mr. Gooden prays that this court provide him the protection of the "Great Writ", and thereby properly set aside the Iowa Federal District Court's final ORDER dismissing his first Habeas Corpus on a procedurally defective ground; which said final ORDER was improperly influenced by fraud perpetrated upon that court by the Respondent. Mr. Gooden further prays that, upon setting aside the court's final ORDER, that it be further ORDERED that all of his "exhausted" claims presented in his habeas petition and supporting brief under docket No. 4:02-cv-40128, be adjudicated on their merits in the interest of finality.

19.

By: _Clifford Gooden_

Clifford A. Gooden, III
No.#1017531-B
Iowa State Penitentiary
P.O. Box 316
Fort Madison, Iowa 52627

## PROOF OF SERVICE

I, Clifford A. Gooden, do swear under penalty of perjury that I did serve a copy of the "fraud upon the court" Independent Action; Affidavit from Jerry D. Ashburn, and Application to proceed IN FORMA PAUPERIS, to: Sharon K. Hall, Assistant Attorney General, Hoover State Office Building, Des Moines, Iowa. 50319; by depositing a copy of said documents in the prison mail-box with first class postage prepaid.

I, Clifford A. Gooden, swear under penalty of perjury that the foregoing is true and correct. Executed on this _19th_ day of _November_, 2007.

Affiant: _Clifford Good_

IN THE SUPREME COURT OF IOWA

No. 00-1175

Scott County No. FECR227916

O R D E R

```
┌─────────────────────────┐
│    F I L E D             │
│                          │
│    JUN 20 2001           │
│                          │
│  CLERK SUPREME COURT     │
└─────────────────────────┘
```

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

CLIFFORD ARNELL GOODEN, III,
    Defendant-Appellant.

_____

    This matter comes before the coutr upon appellant's application for appointment of

new counsel and the application to withdraw filed by appellant's counsel. Upon

consideration, the applications are denied. This appeal is now fully briefed and ready

for submission. There will be no further delays or changes in counsel.

    Dated this _26th_ day of June, 2001.


_____
Justice, Supreme Court of Iowa

Copies to:

Clifford Gooden
#1017531-b
P. O. Box 10
Anamosa, Ia 52205

Kevin Cmelik
Assistant Attorney General
Hoover Building - Local


Penelope Souhrada
601 Brady Street, Suite 300
Davenport, Ia 52803


Exhibit (A)

# IN THE COURT OF APPEALS OF IOWA

No. 1-440 / 00-1175

Scott County No. FECR227916

# ORDER

**STATE OF IOWA,**
      Plaintiff-Appellee,

vs.

**CLIFFORD ARNELL GOODEN III,**
      Defendant-Appellant.

```
┌─────────────────────────┐
│  F I L E D              │
│                         │
│  SEP 0 6 2001           │
│                         │
│  CLERK SUPREME COURT    │
└─────────────────────────┘
```

Defendant has complained about his appellate counsel and asked that she not represent him in oral argument. Counsel did not resist the defendant's request.

On further consideration, the court has determined oral argument is not necessary. This case will be submitted at the appropriate time within the court's substantial caseload without oral argument.

Defendant's request for new counsel is therefore denied.

Dated this 6th day of September, 2001.

*Rosemary Shaw Sackett*

Rosemary Shaw Sackett, Chief Judge

Copies to:

Clifford Gooden, #1017531-B ✓
Anamosa State Penitentiary
406 N. High Street
P. O. Box 10
Anamosa, IA 52205-0010

Penelope Souhrada ✓
601 Brady Street, Suite 300
Davenport, IA 52803

Kevin Cmelik ✓
Assistant Attorney General
Hoover Building
L O C A L

*Exhibit (B)*

# IN THE SUPREME COURT OF IOWA

No. 00-1175

Scott County No. FECR227916

### O R D E R

**FILED**

**JAN 0 4 2002**

**CLERK SUPREME COURT**

**STATE OF IOWA,**
        Plaintiff-Appellee,

vs.

**CLIFFORD ARNELL GOODEN, III,**
        Defendant-Appellant.

---

After consideration by this court en banc, Streit, J., not participating,

further review of the above captioned case is denied.

Dated this _4th_ day of January, 2002.

THE SUPREME COURT OF IOWA

By _Louis A. Lavorato_
   Louis A. Lavorato, Chief Justice

Copies to:

Clifford Arnell Gooden, III
Anamosa State Penitentiary
Box 10
Anamosa, IA  52205

Attorney General
Attn:  Kevin Cmelik
Hoover Bldg.
L O C A L

Penelope Souhrada
601 Brady St., Suite 300
Davenport, IA  52803

Exhibit (C)

```
                                                    TERMED APPEAL
                                                    CIR    NOV 02
                        U.S. District Court
            for the Southern District of Iowa (Central (DM))

              CIVIL DOCKET FOR CASE #: 02-CV-40128
```

Gooden v. Mathes                                        Filed: 03/11/02
Assigned to: Judge James E Gritzner
Demand: $0,000                          Nature of Suit:  530
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


CLIFFORD GOODEN                    Clifford Gooden
     petitioner                    101731-B
                                   [COR LD NTC] [PRO SE]
                                   ISP-FORT MADISON
                                   P O Box 316
                                   Fort Madison, IA 52627

                                   ROCKNE COLE
                                    [term  07/11/02]
                                   3193517911
                                   [COR LD NTC]
                                   MEARS LAW OFFICE
                                   209 E WASHINGTON
                                   STE 203
                                   IOWA CITY, IA 52240
                                   319/351-4363



     v.


JOHN MATHES                        SHARON K HALL
     respondent                    [COR LD NTC]
                                   ATTORNEY GENERAL
                                   SPECIAL LITIGATION DIVISION *
                                   HOOVER STATE OFFICE BLDG
                                   DES MOINES, IA 50319
                                   515/281-5164

Docket as of November 19, 2002 10:51 am          Page 1    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.          TERMED APPEAL
4:02cv40128 Gooden v. Mathes                                CIR
                                                            NOV 02

3/11/02   1      PETITION FOR WRIT OF HABEAS CORPUS (ds)

3/11/02   2      MEMORANDUM by plaintiff Clifford Gooden  in support [1-1]
                 of petition (ds)

3/11/02   3      MOTION by plaintiff Clifford Gooden for appointment of
                 counsel before  Honorable Charles R. Wolle (ds)

3/11/02   --     FILING FEE PAID: on 3/11/02  in the amount of $ 5.00,
                 receipt # 63225. (ds)

4/5/02    4      INITIAL REVIEW ORDER  by Judge James E. Gritzner; The clerk
                 shall issue service of process to respondent.   (cc: all
                 counsel) (ds) [Entry date 04/08/02]

4/8/02    --     REMARK service issued this date to dft. and AG (ds)

4/8/02    --     (Utility event: Produces labels) (ds)

4/8/02    --     (Utility event: Produces labels) (ds)

4/29/02   5      MOTION by plaintiff Clifford Gooden to proceed in forma
                 pauperis before  Judge James E. Gritzner (ds)

5/2/02    6      ORDER  by Judge James E. Gritzner  granting  motion to
                 proceed in forma pauperis [5-1], granting  motion for
                 appointment of counsel [3-1]The Clerk of Court shall find
                 counsel to represent petitioner. (cc: all counsel) (ds)

5/6/02    7      TRAVERSE (Answer) by respondent John Mathes [1-1] to
                 petition (ld) [Entry date 05/08/02]

5/6/02    8      MOTION by respondent John Mathes to dismiss "mixed
                 petition" before Judge James E. Gritzner (ld)
                 [Entry date 05/08/02]

5/6/02    9      MEMORANDUM  in support [8-1] of motion to dismiss "mixed
                 petition" before Judge James E. Gritzner (ld)
                 [Entry date 05/08/02]

5/6/02    10     SUBMISSION OF STATE COURT DOCUMENTS (In expand folder,
                 loose in file) (ld) [Entry date 05/08/02]

5/13/02   11     CJA APPOINTMENT OF COUNSEL for Clifford Gooden  -
                 appointing ROCKNE COLE (cc:  all counsel) (ds)
                 [Entry date 05/14/02]

5/15/02   12     MOTION by petitioner Clifford Gooden for appointment of
                 counsel before  Magistrate Judge Celeste F. Bremer (ds)

5/21/02   13     ATTORNEY APPEARANCE for petitioner Clifford Gooden  by
                 Rockne O. Cole (ds)

INTERNAL USE ONLY: Proceedings include all events.          TERMED APPEAL
4:02cv40128 Gooden v. Mathes                                CIR
                                                            NOV 02

5/22/02   14      ORDER  by Judge James E. Gritzner  denying motion for
                  appointment of counsel  [12-1] (cc:  all counsel) (ds)

5/29/02   15      MOTION by petitioner Clifford Gooden to extend 30 days to
                  respond to the states Motion to dismiss before Magistrate
                  Judge Celeste F. Bremer (ds)

5/31/02   16      ORDER  by Judge James E. Gritzner  granting  motion to
                  extend 30 days to respond to the states Motion to dismiss
                  [15-1]Petitioner shall respond to the motion to dismiss
                  within 30 days of the date of this order (cc: all counsel)
                  (ds)

6/4/02    --      (Utility event: Produces labels) (ds)

6/24/02   17      RESISTANCE by petitioner Clifford Gooden  to motion to
                  dismiss "mixed petition" before Judge James E. Gritzner
                  [8-1] (ds) [Entry date 06/25/02]

6/28/02   18      ORDER  by Judge James E. Gritzner  re [17-1] motion
                  response -- because petr' has counsel, the court will take
                  no action on the pro se filing. (cc: all counsel) (ld)

7/1/02    19      MOTION by petitioner Clifford Gooden to withdraw attorney
                  before  Magistrate Judge Celeste F. Bremer, and to extend
                  before  Magistrate Judge Celeste F. Bremer, and for
                  appointment of counsel before  Magistrate Judge Celeste F.
                  Bremer (ds)

7/8/02    --      (Utility event: Produces labels) (ds)

7/11/02   20      ORDER  by Judge James E. Gritzner  granting  motion to
                  withdraw attorney [19-1] attorney ROCKNE COLE for Clifford
                  Gooden, terminating motion to extend [19-2], denying motion
                  for appointment of counsel [19-3]  The clerk shall note
                  Gooden is now proceeding pro se(cc: all counsel) (ds)

8/5/02    21      RESISTANCE by petitioner Clifford Gooden  to motion to
                  dismiss "mixed petition" before Judge James E. Gritzner
                  [8-1] (dv)

8/5/02    22      BRIEF FILED by petitioner Clifford Gooden [21-1] regarding
                  motion response (dv)

8/5/02    --      (Utility event: Produces labels) (dv)

10/21/02  23      RESPONSE for order  by petitioner Clifford Gooden [21-1]
                  re: motion response (dv)

10/21/02  --      (Utility event: Produces labels) (dv)

INTERNAL USE ONLY: Proceedings include all events.                    TERMED APPEAL
4:02cv40128 Gooden v. Mathes                                          CIR
                                                                     NOV 02

10/29/02  24      ORDER  by Judge James E. Gritzner for Petitioner to
                  dismiss all claims except those specifically raised on
                  direct appeal and addressed on the merits (cc: all
                  counsel) (dv)

11/18/02  25      LETTER to court  from petitioner Clifford Gooden if the
                  case has been dismissed, and if and when it is dismissed to
                  file the NOA (dv)

11/19/02  26      ORDER Plaintiff failed to dismiss hiss habeas claims not
                  specifically  raised on direct appeal and addressed on the
                  merits by Judge James E. Gritzner re [25-1] letter
                  dismissing case NOA received with letter, shall be filed
                  and COA is denied (cc: all counsel, 8th CCA) (dv)

11/19/02  27      JUDGMENT: Dismiss without prejudice  signed by Donnell
                  Vance re [26-2] order (cc: all counsel) (dv)

11/19/02  28      NOTICE OF APPEAL by petitioner Clifford Gooden  from Dist.
                  Court  decision [26-2]  cc:counsel,USCA (dv)