# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6642 | **DATE** | 2/12/08 |
| **CASE TITLE** | Clifford A. Gooden, III (#1017531-B) v. Sharon K. Hall | | |

**DOCKET ENTRY TEXT:**

The Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion for appointment of counsel [10] is denied as moot.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Petitioner Clifford A. Gooden, III, brings this "Independent Action in equity pursuant to Fed. R. Civ. Proc. 60(b), and the 'saving clause,' to set aside final order dismissing Federal Habeas Corpus on grounds of fraud committed upon the court by the Respondent." He seeks to have this court to vacate or set aside the Iowa Southern District Court's final order dismissing habeas case No. 4:02-cv-40128, on the ground that it was entered as a result of fraud committed on that court by the respondent. Because a ruling in Petitioner's favor could result in his release, this "Independent Action" is essential a petition for a writ of habeas corpus. *See Glaus v. Anderson*, 408 F.3d 382 386-7 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy.")

     Under 28 U.S.C. § 2241(d), a state prisoner is authorized to file a petition for a writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. Petitioner was not convicted in the Northern District of Illinois, and he is not confined in this district. This Court therefore does not have jurisdiction to hear Petitioner's petition for a writ of habeas corpus.

     The Court notes that Petitioner has filed a number of petitions for writs of habeas corpus in the Southern District of Iowa, the most recent being *Gooden v. Hall*, No. 4:07-cv-00257-JEG (S.D. Ia.), which that court dismissed on June 19, 2007. The United States Supreme Court has also denied Petitioner's petition for writ of habeas corpus, namely, *In re Gooden*, 540 U.S. 1102, 124 S.Ct. 1132 (2004); and two petitions for writ of *certiorari*, *Gooden v. Mathes*, 127 S.Ct. 2273 (2007) and *Gooden v. Mathes*, 546 U.S. 1140, 126 S.Ct. 1144 (2006). Petitioner has therefore had numerous opportunities for hearings in the courts that have jurisdiction.

     Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|