IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 26, 2008
FEB 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America )
ex rel. Clifford A. Gooden III, )   Case No. 07 C 6642
)
Petitioner-Appellant )   Assigned to: Judge Bucklo
)
vs. )
)   Certificate of Appealability
Sharon K. Hall, Assistant )
Attorney General, )
)
Respondent-Appellee. )

COMES NOW the Petitioner-Appellant, pro se, to request this court to grant this Certificate of Appealability for the following reasons, to wit:

Note: Petitioner Gooden is under the assumption according to Supreme Court authority that a habeas petitioner is required to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion or independent action. Gonzalez v. Crosby, 125 S.Ct. 2641, 2650 (FN 7). but see Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d at 1263-64 (11th Cir. 2004).

Issue One--The Court erred by not exercising its "foreign" federal equitable jurisdiction to set aside the Iowa Federal District Court's final ORDER dismissing Mr. Gooden's Habeas Corpus resulting from fraud which was committed upon that court by the Respondent.

On or around November 26, 2007, Mr. Clifford A. Gooden filed in the United States District Court for the Northern District of Illinois, a Rule 60(b) independent action alleging fraud which was perpetrated upon the Iowa Federal District Court by the Respondent during Gooden's habeas proceeding which improperly influenced the Iowa Court to dismiss said Habeas Corpus on a procedurally defective ground. However, Mr. Gooden did file two independent actions with the Iowa Federal Court informing it of the fraud that was perpetrated upon that court and therefore requested said court to set aside its FINAL ORDER dismissing the writ. see Gooden v. Mathes, 4:06-cv-00326-JEG and Gooden v. Hall 4:07-cv-00257-JEG. This

1.

was prior to him filing his current independent action in the Northern Federal District Court of Illinois. But instead of the Iowa District Court moving to set aside its own final ORDER dismissing Mr. Gooden's Habeas Corpus in case No. 4:02-cv-40128, where the Respondent, Sharon K. Hall, perpetrated fraud upon that court by "reformulating" Gooden's habeas issues and therefore improperly influencing that court's decision to dismiss the habeas action on procedurally defective grounds, the Iowa District Court on two separate occasions dismissed both independent actions on INITIAL REVIEW. see id. 4:06-cv-00326-JEG and 4:07-cv-00257-JEG, INITIAL REVIEW ORDERS. Thus, the denials was on a ground that precluded reaching the merits of Gooden's "fraud upon the court" claims set forth in both of his independent actions filed in that court. see id. In addition, the Illinois "foreign" Federal District Court in this matter erred in not reaching Mr. Gooden's "fraud upon the court" claim set forth in his independent action but, instead, summarily dismissed said action before this court as improperly being a so-called Federal Habeas Corpus which it dismissed for lack of jurisdiction pursuant to to Rule 4 of the Rules Governing Section 2254 cases. see Gooden v. Hall, 07 C 6642, Illinois District Court, Ruling dated 2/12/2008. It too never reached the merits of Gooden's "fraud upon the court" claim. Therefore, the decision to summarily dismiss Mr. Gooden's independent action in the Illinois District Court by the district judge without adjudicating Gooden's "fraud upon the court" claim was contrary to its power to exercise its equitable jurisdiction over Rule 60(b) independent actions. In fact, a petitioner is free to bring an independent action in a court other than the one that gave judgment, so long as "independent" and "substantive" grounds of jurisdiction are met. see 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure §2868 pp. 403-04 (Civ.2d. ed. 1995); Block v. Block, 196 F.2d 930, 932 (C.A.7th 1952); see also locklin v. Switzer Bros. Inc., 335 F.2d 331 (1964)("The independent equitable action to set aside judgment may be maintained in any court exercising equitable jurisdiction, and may or may not be done in the court which rendered the judgment"). Therefore, Mr. Gooden's independent action which he filed in the Illinois District Court alleging "fraud upon the court" perpetrated by the Respondent, is, in fact, "independent" and "substantive" equity jurisdiction to the Iowa District Court and the Eighth Circuit Court of Appeals. As a result, the Illinois District Court do have proper "equitable jurisdiction" over Mr. Gooden's independent action

2.

alleging "fraud upon the court". Also, in its ruling, the Illinois District Judge incorrectly stated the following: "Because a ruling in Petitioner's favor could result in his release, this "independent action" is essential a petition for a writ of habeas corpus." However, that statement is completely inaccurate. The fact is, Mr. Gooden's current independent action is not a habeas corpus or a second or successive writ. Also, an independent action alleging "fraud upon the court" perpetrated by officers of the court, involves the "integrity of the judicial institutions", i.e., calling into question the very legitimacy of the [habeas] judgment. see Caldron v. Thompson, 118 S.Ct. at 1501-02 (1998). And the elements of fraud upon the court are consisting of conduct: (1) on the part of an officer of the court; (2) that is directed to the "judicial machinary" itself; (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) that is a positive averment or is concealment when one is under a duty to disclose; and (5) that deceives the court. Demjanjuk v. Petrovsky, 10 F.3d at 348 (6th Cir. 1993). Applying those reasonings to the present case, it is perfectly clear that petitioner Gooden has proven in his independent action, a claim of fraud committed upon the Iowa Federal District Court by the Respondent during his habeas proceeding which influenced the court's decision to dismiss his habeas corpus. see Gooden v. Hall, 07 C 6642, Illinois District Court, pro se Independent Action. And "fraud upon the court" will always support relief from a judgment, even in habeas cases, regardless of whether it is raised by motion, independent action, or sua sponte. see 12 James Moore, Moore's Federal Practice §60.81[1][b][v] 60-225 (3d.ed 1998); also Caldron v. Thompson, 118 S.Ct. at 1501-02 (1998). Finally, a ruling in Mr. Gooden's favor would not result in his release as the Illinois District Judge stated, see Gooden v. Hall, 07 C 6642, Illinois District Court, ruling dated 2/12/2008. In fact, a ruling in Mr. Gooden's favor on his independent action alleging a claim of fraud upon the court would only act to set aside the "fraudulently decided judgment or order" under the saving clause, and further act to protect the court's integrity. see Universal Oil Prods. Co. v. Root Ref. Co., 66 S.Ct. 1176, 1179 (1946). An independent action alleging "fraud upon the court" does not assert, or reassert, claims of error in Petitioner's state court conviction. Rather, a favorable ruling on Gooden's fraud upon the court independent action would not only set aside the fraudulently

3.

begotten judgment entered by the Iowa District court during his habeas proceeding in case No. 4:02-cv-40128; which fraud was perpetrated upon that court by the Respondent, but it would also restore Mr. Gooden back to his original position to proceed on his "exhausted" claims presented in his "first" federal habeas corpus. This would allow the Iowa District Court Judge to finally adjudicate the merits of Gooden's exhausted Constitutional claims which he is entitled to. see e.g. Gonzalez v. Crosby, 125 S.Ct. at 2653 (Justice Stevens with whom Justice Souter joins, dissenting)("As we have stressed, [d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protection of the Great Writ entirely, risking injury to an important interest in human liberty"). Therefore, when a habeas petition has been dismissed on a clearly defective procedural ground, without an adjudication on the merits of the exhausted claims, the State can hardly claim a legitimate interest in the "finality" of that judgment. Even more damaging, Mr. Gooden has been deprived-contrary to congressional intent-of his valuable right to one full round of federal habeas review." id. 125 S.Ct. at 2653. And the "fraud" which was perpetrated upon the Iowa District Court by the Respondent, which persuaded the judge's decision to dismiss Gooden's "first" habeas petition was the reason he was deprived of his valuable right to one full round of federal habeas review. Wherefore, since Mr. Gooden did clearly prove in his independent action, a valid claim of "fraud upon the court" perpetrated by the Respondent on the Iowa District Court which improperly influenced the judge's decision to dismiss Gooden's "first" habeas corpus, then it is certain that any "jurist of reason would find it debatable whether the "independent action" filed in the Illinois District Court states a valid claim of the denial of a Constitutional right." Reid v. Angelone, 369 F.3d at 371 (4th Cir. 2004). Accordingly, the Illinois District Judge in this case failed to exercise its "foreign" federal equitable jurisdiction over Mr. Gooden's independent action alleging "fraud upon the court" concerning his "first" federal habeas petition filed in the Iowa District Court. Instead, the Illinois District Judge summarily dismissed Gooden's "independent action" by incorrectly treating it as a petition for a writ of habeas corpus which it then lack[ed] jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 cases." see Gooden v. Hall, 07 C 6642, Illinois District Court, Ruling dated 2/12/2008. Although in

4.

the District Judge's "STATEMENT" in her ruling, she acknowledged that "He (Gooden) seeks to have this court to vacate or set aside the Iowa Southern District Court's final order dismissing case No. 4:02-cv-40128, on the ground that it was entered as a result of fraud committed on the court by the Respondent", see id. 07 C 6642, Ruling dated 2/12/2008, the judge refused to do so "Because a ruling in petitioner's favor could result in his release". it further stated that "this independent action is essential a petition for a writ of habeas corpus." see id. Ruling dated 2/12/2008. This was an incompetent ruling in the sense that a claim of fraud upon the court in a habeas action which affected the judge' decision to dismiss said habeas petition on a "procedurally defective ground", always goes into the court's integrity, thus, calling into question the very legitimacy of the judgment." see Caldron v. Thompson, 118 S.Ct. at 1501-02 (1998). Furthermore, an "independent action" alleging a claim of "fraud upon the court" in a habeas proceeding does not seek to bring any new claim for relief or "attack the federal court's previous resolution of a claim on the merits", therefore, a ruling in Mr. Gooden's favor in such an action will not "result in his release". Clearly a fraud upon the court action merely attack some defect in the integrity of the federal habeas proceeding. see e.g. Demjanjuk v. Petrovsky, 10 F.3d at 348 (6th Cir. 1993). Therefore, a "jurist of reason would certainly find it debatable whether the Illinois District Court Judge was correct in its procedural ruling." Reid v. Angelone, 369 F.3d at 371 (4th Cir. 2004). No jurist of reason would find that an "independent action" alleging a claim of "fraud upon the court" in a habeas proceeding have the capability of "resulting in [Gooden's] release". In a finding of fraud upon the court, the relief sought is usually to set aside the fraudulently begotten judgment "that affects the very integrity of the judicial process itself." see 12 James Moore, Moore's Federal Practice §60.81[1][b][v] at 60-225 and §60.22[4][a] (3d.ed.-1998).

Note: Petitioner does ask this court to reconsider his previous motion for appointment of counsel since he is still indigent and cannot afford to hire counsel on his own and would need help in pursuing this appeal to the Seventh Circuit Court of Appeals.

By: _Clifford Gooden_

5.

## CERTIFICATE OF SERVICE

I, Clifford A. Gooden III, do swear or declare that on this date February 21st, 2008, I did serve a copy of the NOTICE OF APPEAL and CERTIFICATE OF APPEALABILITY to counsel for Respondent by depositing a copy of said documents in an envelope with first class postage pre-paid and further deposited a copy of said documents in the prison mail box on this day. The name and address of counsel for Respondent served is as follows:

William A. Hill (counsel for Respondent), Hoover State Office Building, Second Floor, Des Moines, Iowa  50319

I, Clifford A. Gooden, Swear under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of February, 2008.

Affiant: _Clifford Gooden_